**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

DALE P. LAFONT and          )
ALECIA LAFONT,           )
                                   )
       Plaintiffs,            )
                                   )
vs.                              )     Case No. 1:09-cv00010HEA
                                   )
STATE FARM FIRE          )
AND CASUALTY COMPANY,     )
                                   )
       Defendant.          )

**REPORT OF THE PARTIES' PLANNING MEETING**

1.    The following persons participated in a Rule 26(f) conference on the 7th day of May, 2009 by telephone conference:

    Thomas H. Hearne, representing Plaintiffs.
    Warren Harris, representing Defendant.

2.    The parties will complete by June 1, 2009 the initial disclosures required by Rule 26(a)(1).

3.    Discovery Plan. The parties propose this discovery plan:

    (a)    Discovery will be needed on these subjects:
        1.    The extent of damage to Plaintiffs' personal property.
        2.    Whether Defendant's refusal to pay was unreasonable, and, if so, whether and in what amounts Plaintiffs are entitled to a reasonable attorneys' fee.
        3.    Further, Defendant claims, but Plaintiff denies, that discovery is necessary on whether Plaintiff complied with the terms and conditions of the policy.

    (b)    Discovery will be commenced immediately and completed by November 30,

2009.

(c) Requests for admissions shall be allowed and responded to in the manner as provided by Rule 36.

(d) The Parties agree that the presumptive limit of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., may be enlarged in this case, for good cause and upon application to the Court, to allow for additional depositions and interrogatories.

(e) Expert reports will be exchanged as follows: for any issue on which a party has the burden of proof by September 30, 2009. Additional experts shall be designated within 30 days.

(f) 30 days shall be deemed a timely manner for supplementation as required under Rule 26(e).

4. Other Items:

(a) The parties request a pre-trial conference no less than four weeks prior to trial

(b) Plaintiff must amend pleadings or join parties on or before June 15, 2009.

(c) Defendant must amend pleadings of join parties prior to July 1, 2009.

(d) Dispositive motions will be filed on or before December 15, 2009.

(e) The prospects of settlement are unknown at this time.

(f) The parties are willing to participate in any form of mediation voluntarily or as ordered by the court.

(g) Rule 26(a)(3) disclosures and objections shall be made within the time and manner as provided by said rule.

(h) Trial should commence no later than March 1, 2010; it is anticipated that the trial will be four days.

(i) Defendant claims that a work product privilege attaches beginning on the date that it received information from an ATF agent that an unidentified informant

claimed Plaintiff Dale LaFont was involved in setting or procuring the fire. This date would be approximately January 9, 2009. Plaintiff disputes this claim and believes that any work product privilege will only attach at such time Defendant makes a formal decision to deny Plaintiffs' claim, which it has not yet done.

Dated this 13th day of May, 2009.

Respectfully submitted,

By_____/s/_____

THOMAS H. HEARNE
Missouri Bar No. 27596
HEARNE & PIVAC
Chesterfield Village
2136A W. Chesterfield Blvd
Springfield, MO 65807
Telephone (417) 883-3399
Fax (417) 883-3996
E-mail: thhearne@hplawfirm.org
ATTORNEY FOR PLAINTIFFS

By_____/s/_____

Warren E. Harris
Missouri Bar No. 40372
wharris@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431
ATTORNEY  FOR DEFENDANT